# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| 401 SOUTH 18TH STREET, LLC, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-00583 SRC |
| | ) |
| ROBERT F. O'LOUGHLIN, et al., | ) |
| | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

The parties to this case have been litigating the same underlying issues in state court for over four years. After the state court denied Plaintiff a temporary restraining order, Plaintiff brought this federal action seeking a substantially similar, albeit somewhat narrower, TRO [3] and a bond [4]. This Court finds that Plaintiff fails to meet its burden to demonstrate the likelihood of immediate and irreparable injury, or a probability of success on the merits, and therefore denies Plaintiff's Motion. Because of the long-running state court proceedings in the parties' even longer-running dispute, Defendants posit that this Court should abstain and dismiss this action. Due to the timing of this case, the Court does not have before it a motion to abstain or stay, the Court will not determine those issues at this time.

### I.     BACKGROUND

This Court notes those portions of the record before it as necessary to address the issues presented by Plaintiff's pending Motions. This case arises from a parking dispute. Plaintiff owns property in a development known in St. Louis as "Union Station." The development consists of several buildings, parking lots, and now an aquarium and ferris wheel. Both Plaintiff and Defendant own buildings and parking lots within the development, and Plaintiff alleges it

1

can only access its parking spots from a public road by driving through the entrance on Defendants' property.  Plaintiff claims Defendants will not let Plaintiff, and its tenants and guests, access Plaintiff's parking spots.  Plaintiff asserts claims for easement of necessity or implication, establishment of a private road under Missouri Revised Statute § 228.342, and prima facie tort.

The same plaintiff here filed a case in 2016 in the Circuit Court of St. Louis County, Missouri, against the same defendants over parking issues at Union Station.  That state case remains pending today.  Shortly before filing this case, Plaintiff asked the state court for leave to amend its pleadings to bring claims similar to those it brings here, and to issue a TRO over parking-lot-access issues.  The state court denied Plaintiff leave to amend, and denied the TRO for two reasons:  that the denial of leave to amend meant Plaintiff had no pending claim for which a TRO could issue, and that even if Plaintiff were to have such a claim, the court would deny Plaintiff a TRO on the merits.  It appears that Plaintiff did not seek reconsideration or interlocutory appellate review of those rulings, instead filing this case in this Court.

Both here and in state court, Plaintiff claims that it has a new tenant it stands to lose if it cannot obtain more parking, it seeks to demolish one of its buildings on the Union Station property to build additional parking spaces, it cannot even access the parking spaces it owns, and that Defendants are preventing Plaintiff's contractors from accessing the property.  Nothing in the record confirms whether Plaintiff presently has a permit to conduct the demolition. For their part, Defendants state that Plaintiff committed a specific number of parking spaces to the new tenant without having the legal ability to deliver on that commitment and without even consulting, much less securing parking from, Defendants.  Defendants' further state that Plaintiff's contractors may access the property on the same terms and conditions as others,

Plaintiff has no basis for access on other or more-favorable terms, and further that Plaintiff presents no basis for a mandatory injunction. Defendants also state that a TRO would cause them harm by further limiting already scarce parking at Union Station at a critical time when Defendants have added new attractions and are losing (albeit temporarily) a significant portion of the parking spaces due to nearby construction by the state highway department.

### III.   DISCUSSION

A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has the opportunity to rule on the lawsuit's merits. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the potential harm to the nonmoving party should an injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. *See Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc); *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

Plaintiff does not establish that it faces the threat of irreparable harm. Without a finding of irreparable harm to the moving party, injunctive relief should not be granted. *Phelps-Roper v. Cty. of St. Charles, Mo.*, No. 4:10CV02232 AGF, 2010 WL 5281668 at *1 (E.D. Mo. Dec. 17, 2010) (citing *Modern Computer Sys., Inc.* 871 F.2d at 738). Plaintiff argues its business relationships with present and prospective tenants are at risk of being terminated because of the "impossible parking and access conditions created by Defendants' conduct." Doc. 3-1, pg. 14. Plaintiff has not established Defendant has denied Plaintiff, or its tenants, access to Plaintiff's

3

property.  Plaintiff provides an email from an employee of Defendants' that states "There can be NO access through our property for any improvements without our written permission."  Doc. 1-10.  But, a follow-up email from Defendants' counsel clarifies, "any vehicles that do not have monthly parking passes, including construction vehicles, must take a ticket and pay the daily rate applicable to the general public."  Doc. 1-11.  Plaintiff provided no other evidence that Defendants denied any vehicles access to Plaintiff's property.

Further, Plaintiff does not argue no other available parking exists in the area for its tenants to use, either during the pendency of this case or otherwise.  The aerial photos in the record suggest that other parking may be available, which would ameliorate the threat of the irreparable harm Plaintiff claims.  Docs. 1-3, 10-1.  Plaintiff provides no support that any tenant has threatened to cancel a lease, or a prospective tenant has refused to sign a lease, because of the current parking situation.  Plaintiff similarly does not establish a timeline for the demolition work, a legally-imposed or other deadline for that work, or that it even has a permit for that work.  Last, the record before the Court indicates that any damages Plaintiff may suffer are economic and therefore compensable by a money-damage award; Plaintiff has not carried its burden to show otherwise.

"In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (quoting *Iowa Utils. Bd. v. Fed. Commc'ns Comm'n*, 109 F.3d 418, 425 (8th Cir. 1996)).  Plaintiff has not done so here.

Plaintiff also does not establish a likelihood of success on the merits.  To demonstrate that an injunction is warranted, Plaintiff "need only show a reasonable probability of success, that is, a fair chance of prevailing" on the merits.  *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir.

2013). All of Plaintiff's claims require Plaintiff to show a lack of access to the property from a public roadway or some necessity for an easement. *See Howell v. Rickard*, 295 S.W.3d 602, 607 (Mo. Ct. App. 2009) ("To obtain such an easement by necessity, the petitioner must show . . . deprivation of access to a public roadway."); *Dohogne v. Counts*, 307 S.W.3d 660, 666 (Mo. Ct. App. 2010) ("To establish an implied easement from pre-existing use, the petitioner must prove . . . reasonable necessity for the easement."); Mo. Rev. Stat. § 228.342 ("A private road may be established . . . for which there is no access from the property to a public road . . ."). Plaintiff does not allege, or provide any evidence, of a lack of access to its property. At best, Plaintiff shows it will have to pay more for that access than it believes it should.

Additionally, abstention doctrines undermine Plaintiff's likelihood of success on the merits. Because of the procedural posture and timing of the TRO hearing in this case, Defendants have suggested that this Court should abstain, but they have not filed a motion to dismiss, abstain, or stay. At the TRO hearing, Plaintiff minimally touched on abstention. At this point, the Court cannot determine whether to abstain or stay, but in analyzing the Plaintiff's probability of success on the merits, the Court observes that Defendants raise more-than-colorable arguments in favor of abstention or a stay.

As an example, the Court itself views the possibility of conflicting judgments between this Court and the state court as substantial. If this Court grants Plaintiff the relief it seeks—an easement by necessity or prescription, or a private road—and the state court finds another basis for Plaintiff to access parking at Union Station (e.g. via the written parking agreement at issue in the state case), the two judgments likely would conflict. Even were the Court to agree that Plaintiff's proposed remedy of a motion to amend this Court's judgment could undo the conflict, the rules impose time limits on reopening judgments. Fed. R. Civ. P. 59(e) ("A motion to alter

5

or amend a judgment must be filed on later than 28 days after the entry of judgment."); Fed. R. Civ. P. 60(c) (Motions under Rule 60(b) must be made no later than a year after the entry of judgment).

The Court further notes that the status of the state court proceedings could change by the time this Court conducts its abstention analysis.  It appears that Plaintiff has not as yet sought reconsideration or interlocutory appellate review of the denial of its motion for leave to amend or its motion for TRO, though it still could do so.[1]  Likewise, it appears that Defendants have not determined whether to reconsider their position on consenting to the state court allowing Plaintiff's amended claims, though they still could do so.   Subsequent proceedings in state court would affect this Court's analysis of abstention.  *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 540-45 (8th Cir. 2009) (Bye, J., concurring in the result and joining the dissent in part and Shepard, J., dissenting) (Rejecting the "originally filed" approach to assessing abstention, instead following the *Royal Indemnity* approach to assess abstention based on the status of the state-court proceedings at the time of considering abstention); *see also Royal Indem. Co. v. Apex Oil Co., Inc.*, 511 F.3d 788, 797 (8th Cir. 2008) (affirming District Court's decision to abstain under the broad *Wilton* [*v. Seven Falls Co.,* 515 U.S. 277 (1995)] standard, based on the status of the state-court proceedings at the time of the abstention analysis).

The Court will consider abstention and a stay based on the status of the state-court proceedings at the time it undertakes that analysis.  The Court orders Defendants to file any motion for abstention or stay within 21 days of the date of this order.  Should the Defendants file such a motion, briefing will proceed pursuant to Local Rule 4.01.

---

[1] Under Missouri law, trial court decisions are subject to reconsideration and modification until they become final and appealable.  *Salsman v. Leonard*, 568 S.W.3d 434, 439 (Mo. Ct. App. 2019) ("At any time before final judgment, a court may open, amend, reverse, or vacate an interlocutory order.").  Missouri law also permits discretionary appellate review of interlocutory trial court decisions via writ.  Mo. Supreme Court Rule 84.23.

Because "the absence of irreparable injury is by itself sufficient to defeat" a motion for an injunction and the Court finds that Plaintiff did not establish even the threat of irreparable injury, the Court does not need to consider the remaining factors.  *Chlorine Inst., Inc. v .Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015).  The Court also finds that Plaintiff did not establish a likelihood of success on the merits.  If the Court did consider the remaining two factors, it would find the balance between the harm and the injury that granting the TRO would inflict on Defendants and consideration of the public interest weigh in favor of denying the TRO.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [3] is **DENIED**.

**IT IS FURTHER ORDERED** that Motion for Bond [4] is **DENIED**.

So Ordered this 4th day of May, 2020.

_SL R. CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**